## Stockwell vs. The Township Board of White Lake.

Interest of Township Clerk in a matter upon which the Township Board are to take action, disqualifies such Clerk from sitting as a member of the Board, while such action is being taken.

*Certiorari* to Oakland Circui

*Opinion by* GRAVES, J.—The writ brought up the proceedings of the township Board of White Lake for the removal of the plaintiff in error from the office of moderator of school district No. 4 in that township. Some proceedings had been held there looking towards the erection of a new school house, and it was claimed by some and denied by others that a rated resolution had been passed to that effect. William B. Stockwell and a Mr. Worden were appointed a building committee, and made a contract with Charles Porter to build the house, and with Mr. Barwell to lay the foundation wall. Wm. B. Stockwell afterwards drew two orders in favor of these gentlemen upon the person having the school funds and the plaintiff in error, as moderator, was requested to countersign them. He refused to do so, alleging that the payees had no right to the money. August 8, Wm. P. Stockwell filed a complaint to the township Board against the plaintiff in error, for persistently refusing to discharge the duties of his office. Porter was Township Clerk, and notified the plaintiff in error that the Board would meet at his office, August 10, to hear and determine the complaint. They met, but had but three sitting members, of whom Porter was one. Plaintiff

JOSSELYN vs. McALISTER.

in error objected to him, but the Board proceeded and determined that he should be removed.

*Held*, That Mr. Porter was interested in the questions to be determined, and was therefore not a competent person to sit upon the Board. Its proceedings were quashed, and the plaintiff in error was given his costs.